NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHINDER SINGH, | No. 20-70288 |
| Petitioner, | Agency No. A205-935-371 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA,[***] District Judge.

Mohinder Singh, a citizen and native of India, petitions for review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal of an order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

from an Immigration Judge ("IJ") (collectively, the "Agency") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"[O]ur review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (citation modified). We review for substantial evidence both the Agency's adverse credibility determination and the other factual findings underlying its determinations that a petitioner is ineligible for asylum, withholding of removal, or CAT relief. *Id.*; *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). Under this standard, we must uphold the Agency's determinations unless the evidence compels a contrary conclusion. *Silva-Pereira*, 827 F.3d at 1184. We review de novo the Agency's legal conclusions. *Shrestha*, 590 F.3d at 1048.

1.  Substantial evidence supports the Agency's denial of asylum and withholding of removal because neither Singh's discredited testimony nor other submitted evidence established past persecution or feared future persecution on account of his political opinion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding of removal).

A.  Substantial evidence supports the Agency's adverse credibility

determination. The Agency considered the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii). It rested its determination on three grounds: (1) omissions in Singh's 2018 declaration and his family members' 2018 affidavits about significant post-2014 incidents where individuals threatened his children and questioned them about his plans to return to India, *see Silva-Pereira*, 827 F.3d at 1185–86 (discussing standards for omission of significant incidents); (2) inconsistencies between Singh's statements regarding the alleged physical assaults by Indian Congress party members; and (3) Singh's casual demeanor at the hearing when testifying about the alleged assaults, *see Shrestha*, 590 F.3d at 1042–44, 1046–47 (discussing standards for inconsistencies and demeanor). The Agency afforded Singh several opportunities to explain the discrepancies and gave "specific and cogent reasons" for rejecting his explanations. *Shrestha*, 590 F.3d at 1042, 1044. Together, these grounds constitute substantial evidence supporting the Agency's adverse credibility determination, and Singh has not shown the "extraordinary circumstances" that would justify overturning it. *Id.* at 1041 (citation modified).

B.    Substantial evidence also supports the Agency's finding that Singh's corroborating evidence provided insufficient independent grounds for relief. The Agency reasonably found that the medical letter and the 2018 affidavits by Singh's wife, mother, and a political ally—none of whom testified at the hearing—were

insufficient to corroborate his version of events because the evidence lacked non-trivial details about Singh's encounters with Congress party members and did not describe any post-2014 incidents about which he testified. *See Silva-Pereira*, 827 F.3d at 1186–87; *see also Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (affording "limited weight" to family-member and interested-party affidavits when declarant is not subject to cross-examination).

2.      Substantial evidence also supports the Agency's denial of CAT relief because Singh did not establish it is more likely than not that upon return to India he would be tortured by, or with the consent or acquiescence of, a public official or person acting in an official capacity. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Singh's evidentiary support for his claim consisted of his discredited testimony, the medical letter and the 2018 affidavits afforded limited weight, and general country condition information considered by the Agency. The general evidence describing tension between the INLD and other political parties and potential political violence in India does not compel the conclusion that Singh faces a particularized risk of torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 1) is otherwise denied.